IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03882-DDD-NRN

AIMEE FOLLETTE and SCOTT RUBLE,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

FIT GENO LLC and HYEWON HAM, individually,

    Defendants.

---

**PLAINTIFFS' MOTION FOR REMAND**

---

Plaintiffs Aimee Follette and Scott Ruble, individually and on behalf of all others similarly situated ("Plaintiffs"), file their motion to remand this case to the District Court of Boulder County, Colorado where it was originally filed on grounds that the attempted removal by Defendants was untimely.

### I.     Summary of Relief Requested

Defendants filed their notice of removal on December 3, 2025, thirty-five days after they were served with the complaint and summons on October 28, 2025. Individual Defendant Hyewon Ham was served with process in accordance with C.R.C.P. 4(e), which allows personal service on a natural person to be made by leaving a copy of the process at the individual's usual place of abode with any person over the age of eighteen years who is a member of the individual's family. The process server delivered the complaint and summons to Defendant's husband at their home. Individual Defendant Hyewon Ham is also a manager and member of Defendant Fit Geno LLC, making her one and the same for service of process purposes. She was properly served with process

1

in both capacities in a manner legally sufficient to provide her with notice of commencement of action and the claims asserted. Defendants' attempted removal was untimely; accordingly, the case should be remanded to the District Court of Boulder County, Colorado where it was filed.

## II. Facts

The relevant facts are not disputed:

1. This case was filed in the District Court of Boulder County, Colorado on October 9, 2025.

2. Defendant Fit Geno LLC is a limited liability company organized under the laws of the state of New York. Ex. A.

3. Defendant Hyewon Ham is a manager and member of Defendant Fit Geno LLC. Ex. A.

4. Under New York law, the member or manager of a New York limited liability company is an agent for purposes of service of process. Ex. B.[1]

5. In a filing she made with the New York Secretary of State, Defendant Hyewon Ham listed her address as 150 Ketchum Road, Conklin, New York 13748. Ex. A. That address is a dwelling house or residence.

6. On October 28, 2025, John Russell, a process server in New York over the age of 18, served the summons and complaint in this case on Defendants by leaving them with Hyewon Ham's husband, at their dwelling house and usual place of abode located at 150 Ketchum Road, Conklin, New York. *See* Affidavit of John Russell, Ex. C.

---

[1] Plaintiffs ask the Court to take judicial notice of this provision of New York law governing LLCs.

7. Defendants do not deny service on this date based on their notice of removal which states: "Plaintiffs appear to claim that they have served the Complaint and Jury Demand on Defendant Fit Geno LLC on October 28, 2025." Notice of Removal. Dkt. 7, ¶ 3.

8. Defendants are citizens of New York. Id. at ¶ 7, 8.

9. Plaintiffs are citizens of Colorado residing in Boulder County, Colorado.

10. The Court has jurisdiction of this matter under 28 U.S.C. § 1332(a) because there is diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

11. Thirty five (35) days elapsed from the date of service on October 28, 2025, until the date the notice of removal was filed with the Court on December 3, 2025.

12. This motion for remand is filed within thirty days after service of Defendants' notice of removal on December 3, 2025.

### III.     Removal under 28 U.S.C. § 1446(b)

The parties agree and the record confirms that the requirements for diversity jurisdiction exist in this case. There is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000.

The parties further agree that under 28 U.S.C. § 1446(b), Defendants had thirty days after service to file their notice of removal with this Court.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

*See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 1325–26, 143 L.Ed.2d 448 (1999). Failure to comply with this express statutory requirement for removal renders

3

a removal defective and justifies a remand." *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir.1999).

Removal after the statutory thirty days is a procedural flaw that may be waived by the plaintiff, or, at his option, he may file a motion to remand the case to the state court where it was filed. Under 28 U.S.C. § 1447(c) a motion for remand must be filed within thirty days after the untimely notice of removal is filed with the court:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) ….

Plaintiffs seek remand of the case to the District Court of Boulder County, Colorado where it was filed based on the undisputed facts and applicable law.

### IV.   Remand is Proper and Not Discretionary

Strict compliance with the removal statute is required if the plaintiff challenges the timeliness of the removal, even when diversity jurisdiction exists, as it does here. The calendar does not lie. Thirty-five days passed after Defendants were served with process before they filed their notice of removal with this Court. The affidavit of the process server in New York proves that both Defendants were properly served with process under Colorado law on October 28, 2025. Defendant Hyewon Ham was served in two capacities -- individually and as a member and manager of Defendant Fit Geno LLC. Both defendants were apprised of the legal claims against them.  Defendants filed their notice of removal five days after the thirty day deadline had expired, making the removal untimely.

Nowhere in their notice of removal do Defendants deny service of process on October 28, 2025. Instead, they state: "Plaintiffs appear to claim that they have served the Complaint and Jury

4

Demand on Defendant Fit Geno LLC on October 28, 2025." Notice of Removal at ¶ 3. That is not a denial of service or the date of service.

## V.     Defendants were Served with Process

Service of process refers to formal delivery of documents that is legally sufficient to provide defendant with notice of commencement of action. *Brown Grain and Livestock, Inc. v. Union Pacific Resource Co.*, App.1994, 878 P.2d 157.

Under Colorado Rule of Civil Procedure 4(d), service of process may be served within the United States or its Territories by any person whose age is eighteen years or older, not a party to the action. That requirement is met here. The affidavit of the New York process server expressly confirms it. Ex. C.

Under Colorado Rule of Civil Procedure 4(e)(1), personal Service on a natural person shall be made:

> Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family …

Service on Defendant Hyewon Ham was made by leaving a copy of the complaint and summons with her husband at their usual place of abode. At that point she was able to ascertain that she was sued individually and as the manager and member of the company she owns, Defendant Fit Geno LLC. She cannot claim she was served in one capacity properly but did not have actual notice that she was also sued in another capacity.

Defendant Hyewon Ham is listed as both a member and manager of Defendant Fit Geno LLC in filings with the New York Secretary of State. Ex. A. Specifically, in a filing on September 29, 2021, Defendant Ham checked a box confirming her capacity as a "member" of Defendant Fit

5

Geno LLC and signed it. In another filing on May 1, 2024, Defendant Ham signed a filing in her capacity as the "manager" of Defendant Fit Geno LLC. *See* Exhibit A.

In Colorado, a registered agent may be served in the same manner as a natural person. *Goodman Associates, LLC v. WP Mountain Properties, LLC*, 222 P.3d 310, 316 (Colo. S.Ct., *en banc* 2010)("The court of appeals has held, and we agree, that in Colorado, a registered agent may be served in the same manner as a "natural person" under C.R.C.P. 4.", citing other authority, "recognizing that this conclusion is at variance with the rule established by the federal courts, citing *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510 (3d Cir.1971)). Just as C.R.C.P. 4(e) allows service on the spouse of a natural person at their usual place of abode, the registered agent of a company may be served through her secretary or assistant, both of whom are her agents for service.

Specifically, C.R.C.P. 4(e)(D) authorizes service on a limited liability company:

> (D) … by delivering a copy [of the summons and complaint] to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or of any other jurisdiction, or that agent's secretary or assistant, or …
>
> (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title, under
>
>> (II) the law pursuant to which the entity is formed or which governs the operation of the entity …

Defendant Fit Geno LLC is organized under New York law. Under that state's law, service of process on any domestic or foreign limited liability company shall be made by delivering a copy to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, or (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers. *See* NY CPLR § 311-a. Ex. B. Since Defendant Ham is both a member and manager of Defendant Fit Geno LLC, service on her in either capacity is proper under New York law.

6

New York law also recognizes that a defendant may be properly served through a person who is "objectively … of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant." *See City of New York v. Chemical Bank*, 470 N.Y.S.2d 280, 285 (New York S.Ct. 1983), citing other authority. Like Colorado, that includes a defendant's spouse if there is no obvious conflict of interest, such as service of process in a divorce. *Id*. No such conflict exists here.

As a natural person, Defendant Ham's husband is considered her agent and an assistant for purposes of service under C.R.C.P. 4(e)(1). Likewise, her spouse should be considered her assistant for purposes of service on her as a registered agent of her limited liability company. As the affidavit of the process server shows, Defendant Ham's husband answered the door at their residence, identified himself as her husband, and accepted the summons and complaint on her behalf. That fact is not disputed. He was acting as her proxy and her assistant. Thus, service on Defendant Ham as both a natural person and as a member and manager of her company was accomplished in a manner that was legally sufficient to provide her with notice of commencement of the case against both her and her company under both Colorado and New York law.

Defendant Ham cannot concede she was served properly in one capacity but lacked knowledge that she was also served in her capacity as an agent of her company. Any fair reading of the style of the complaint and the party allegations would put any reasonable person on notice that she was being served individually and as an agent for service of process for her company. She had adequate notice of the claims asserted against both Defendants when she was served on October 28, 2025. The elements of due process have been met. Despite this, Defendants did not file her removal papers until thirty-five days later, on December 3, 2025, which was five days late.

**Conclusion and Prayer**

The removal was untimely and the case should be remanded to state court. For the reasons stated, Plaintiffs pray that the Court grant their motion and any other relief to which they are entitled, at law or in equity.

Respectfully submitted,

By: /s/ Britton D. Monts
Britton D. Monts
Colorado License No. 56199
THE MONTS FIRM
4450 Arapahoe Ave., Suite 100
Boulder, Colorado 80303
(512) 474-6092
bmonts@themontsfirm.com

Attorney for Plaintiffs Aimee Follette and
Scott Ruble and the Putative Classes

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 2, 2026, a true and correct copy of the foregoing was served via the CM/ECF filing system and via email on the following counsel:

Zheng "Andy" Liu (CBN 279327)
Aptum Law
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

8